IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Ramone Wright, | ) | Case No. 5:25-cv-05285-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court upon Petitioner's pro se petition. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On July 29, 2025, the Magistrate Judge issued a Report recommending that the Petition be dismissed. ECF No. 17. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.

On August 11, 2025, Petitioner filed a motion to hold in abeyance requesting that the undersigned refrain from ruling on this matter pending a ruling in Petitioner's other case. ECF No. 21. On October 7, 2025, the Court issued the following text order:

> TEXT ORDER denying [21] Motion to hold in abeyance. Petitioner requests that this court refrain from issuing an order on the Magistrate Judge's Report until his appeal in case number 24-3209 is ruled upon by the Sixth Circuit. On September 24, 2025, the Sixth Circuit affirmed the ruling of the lower court; accordingly, Petitioner's request is now moot. Further, even if an order by the Sixth Circuit had not been

> entered, the outcome of that action has no bearing on whether the undersigned has jurisdiction over Petitioner's case, which is the subject of the Magistrate Judge's Report. Out of an abundance of caution for a pro se party, the Court grants Petitioner until October 27, 2025, to file any objections to the Report. This deadline will not be extended absent a showing of extraordinary circumstances.

ECF No. 24. Petitioner has not filed objections to the Report and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendations of the Magistrate Judge. This Petition is **DISMISSED** for lack of jurisdiction.

IT IS SO ORDERED.

                                                                       s/ Donald C. Coggins, Jr.
                                                                       United States District Judge

November 21, 2025
Spartanburg, South Carolina